FILED

2005 Sep-07  PM 01:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | | |
|---|---|---|
| ROBERT SCOTT TODD, | ] | |
| | ] | |
| Movant, | ] | |
| | ] | |
| vs. | ] | CIVIL ACTION NO. 04-IPJ-RRA-8006-M |
| | ] | CRIMINAL NO. 03-J-078-M |
| | ] | |
| THE UNITED STATES OF AMERICA, | ] | |
| | ] | |
| Respondent. | ] | |

## MEMORANDUM OPINION

This is a motion to vacate, set aside, or correct a sentence, brought by a federal prisoner, pursuant to 28 U.S.C. § 2255. The movant, Robert Scott Todd, was convicted in this court on April 29, 2003, on his plea of guilty to one count of manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1)(Count 1); one count of attempting to manufacture methamphetamine, in violation of 21 U.S.C. § 841(a)(1)(Count 2); and one count of possession of pseudoephedrine with the intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(1)(Count 3). He was sentenced on July 30, 2003, to terms of imprisonment for 158 months on each count, to be served concurrently. Judgment was entered on July 31, 2003. He did not appeal his convictions or sentences.

In support of his motion to vacate, Todd claims that: 1) the waiver of his right to collaterally attack his sentence was not knowingly and voluntarily entered, and does not preclude a challenge based on ineffective assistance of counsel; 2) his attorney was ineffective for failing to object to the two level enhancement for alleged handguns; and 3) his attorney was ineffective for failing to object to the three level enhancement for risk to human life.

In response to the court's order to show cause, the respondent has filed an answer in which it argues that the motion to vacate is due to be denied because the movant's waiver of his right to collaterally challenge his convictions and sentences is valid and because his ineffective assistance of counsel claims are without merit.  Todd filed a traverse on June 1, 2004.

On July 30, 2004, Todd filed a motion to amend his motion to vacate, to add a claim that he was sentenced in violation of *Blakely v. Washington*, 124 S. Ct. 2531 (2004).  That motion was granted on August 10, 2004.  The United States filed a response to the amendment on September 8, 2004.

Although Todd contends that his waiver of the right to collaterally attack his sentence was not knowingly and voluntarily entered, and does not preclude a challenge based on ineffective assistance of counsel, the record reflects that he voluntarily and knowingly waived the right to collaterally challenge his sentence.  Todd's plea agreement reads in part as follows:

### WAIVER OF RIGHT TO APPEAL

> Defendant's right to an appeal and his right to file a motion pursuant to 28 U.S.C. § 2255 have been explained to him and he understands those rights.  As a part of this plea agreement, Defendant knowingly, intelligently, and voluntarily waives his right to appeal his conviction(s) and sentence and to challenge his conviction and sentence pursuant to 28 U.S.C. § 2255.

Plea Agreement, p. 7.  Todd's signature appears directly under this paragraph and his initials appear at the bottom of the page.  The plea agreement further provided:

### ACKNOWLEDGMENTS

> I have READ this document, DISCUSSED it with my attorney, and UNDERSTAND and AGREE with all its provisions both individually and totally.

Plea Agreement, p. 9.  Todd's signature also appears under this acknowledgment and his initials appear on the bottom of the page.

2

During the plea colloquy, the court set out to determine whether Todd's plea was being

knowingly and voluntarily entered:

> THE COURT: Now, Mr. Todd, I want to make sure you understand what you are
> doing before I take your plea, that's what this hearing is for.
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: So that I can ascertain that this is the plea that you wish to enter, and
> that it is entered voluntarily by you and knowing what you are doing. Okay?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: I'm going to ask you some questions. If they apply to you, please let
> me have your answers. You'll be placed under oath, which means that your answers
> must be truthful, otherwise you are subject to perjury charges. Do you understand
> that?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: I also want to tell you that if I say or do anything that you don't
> understand, please let me know. I'll give you time to ask your attorney, or me for
> that matter, what I'm talking about.
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Also, if you decide throughout this proceeding that you don't want to
> go through with it, that's fine, too, just let me know and we'll set it for trial.

Transcript of Plea Proceeding, pp. 2 - 3. Todd indicated that he had read the documents he signed

and that his attorney had explained them to him:

> THE COURT: Did you read these documents before you signed them?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Did your attorney also go through them with you and read them to you
> and explain them to you?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Have you had enough time to talk to your lawyer about this case and
> about the facts of this case?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Have you had enough time to talk to your lawyer about your
> constitutional rights?
> THE DEFENDANT: Yes, Your Honor.
> . . .
> THE COURT: Do you understand that you actually have a duty to tell me if there's
> something said or done that you don't understand during this proceeding?
> THE DEFENDANT: Yes, Your Honor.

Transcript of Plea Proceeding, pp. 4 - 5.  The court then went through the charges against Todd.
Todd indicated that he understood the charges against him, the elements of the offenses, and the
punishment he faced, and stated that the had no questions about any of it.   Transcript of Plea
Proceeding, pp. 6 - 8.

In discussing the plea agreement, the government pointed out that in the agreement, Todd had
waived his right to appeal.  Transcript of Plea Proceeding, p. 9.  Todd indicated that he understood
the waiver provision:

> THE COURT: Do you also understand that you have given up your right to appeal
> both the conviction and the sentence, as well as your right to file a motion pursuant
> to 28, U.S. Code, Section 2255 when you signed the plea agreement?
> THE DEFENDANT: Yes, Your Honor.
> . . .
> THE COURT: Do you understand that, if you enter a plea of guilty to those three
> offenses, you give up all of those constitutional rights, other than the right to have
> constitutional[ly] adequate counsel to represent you?
> THE DEFENDANT: Yes, Your Honor.
> . . .
> THE COURT: Did you sign these two documents?
> THE DEFENDANT: Yes, Your Honor.
> . . .
> THE COURT: Mr. Todd, do you have any questions about the plea agreement?
> THE DEFENDANT: No ma'am.

Transcript of Plea Proceeding, pp. 10, 12, 13.  Todd informed the court that he wished to enter a plea
of guilty because he is guilty, then entered his guilty pleas on each count.  Transcript of Plea
Proceeding, pp. 12 - 14.

The plain language of the plea agreement informed Todd that he was giving up his right to
file a collateral attack on his sentence.  Furthermore, the court specifically questioned him about the
waiver and determined that he had entered into the plea agreement knowingly and voluntarily.

4

Under these circumstances, the waiver precludes Todd from filing a § 2255 motion in this court.[1]

Accordingly, the motion to vacate is due to be DENIED.

An appropriate order will be entered.

DONE this <u>7th</u> day of September, 2005.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

[1] Additionally, the court notes that even if the movant had not waived his right to file a § 2255 motion in this court, his claims would fail since his ineffective assistance of counsel claims are meritless and *Blakely* does not apply retroactively to cases on collateral review.  *See Strickland v. Washington*, 466 U.S. 668 (1984) and *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005).

5